## CORBIN

v.

## FIDELITY HEALTH & ACC. MUT. INS. CO.

No. 21983.

Kansas City Court of Appeals.

Missouri.

March 1, 1954.

Thos. W. McNamara, Kansas City, for appellant.

Rope, Shanberg & Rope, I. Frank Rope, Herbert M. Rope, Kansas City, for respondent.

BROADDUS, Judge.

This is an action based upon a health and accident insurance policy. There was a verdict and judgment for plaintiff in the sum of $866.66. Defendant has appealed.

The policy is dated January 7, 1939. Plaintiff, the named beneficiary therein was the wife of insured, William M. Robinson. Some fifteen months following the death of insured, plaintiff married Howard Corbin.

The policy provided that the "Company does hereby insure, William M. Robinson, the person named in the application (hereinafter called the Insured.)

"(1) Against loss resulting from bodily injury, effected directly and independently

of all other causes, through External, Violent and Accidental means, * * * said bodily injury so sustained being hereinafter referred to as 'such injury', and

"(2) Against loss of time resulting from sickness which is contracted and begins during the life of this policy after it has been in continuous force for thirty days from its date, hereinafter referred to as 'such sickness,' as follows:

"Part I. Principal Sum—Five Hundred and no/100 Dollars

"Monthly Accident Indemnity...... Fifty and no/100..........Dollars

"Monthly Sickness Indemnity...... Fifty and no/100 Dollars."

(In consideration of an additional premium by rider, dated August 25, 1948, the above principal sum was increased to $1000, and the monthly accident and sickness indemnities to $100 each.)

"Part II. Accident Indemnity— Specific Losses.

If 'such injury' shall wholly and continuously disable the Insured, within ninety days from time of accident, from performing any and every kind of duty pertaining to any occupation, and shall result independently and exclusively of all other causes in one of the losses enumerated below, the Company will pay the sum set opposite such loss in lieu of any other indemnity. (Emphasis ours.)

"For Loss of Life———Principal Sum."

The policy contained a provision that when the insured passed his fifty-fifth birthday all indemnities would automatically be reduced 33⅓ per cent. Insured became 55 years of age on December 25, 1948. And the policy, by additional rider, provided for a "funeral benefit" of $200 in the event of insured's death resulting from sickness.

The undisputed testimony is that insured while in the employ of Kansas City, Missouri, in its street repair department, received, on November 17, 1949, a severe injury to his foot by accidental means. The injury wholly and continuously disabled him from thereafter performing any work and resulted *directly* in his death on June 27, 1950.

■ Defendant's first point is that the court erred in overruling its motion for a directed verdict at the close of all the evidence. Defendant claims that under Part II of the policy insured's death must have occurred wthin 90 days from the date of the accident. As we read it, the only time limitation imposed by that clause is that total *disability* must ensue within 90 days from the date of the accident. There is *no* requirement that death from accidental injury must occur within that time.

The cases cited by defendant are not in point. In each of those cases the policy provision was that if the insured should sustain bodily injuries which should wholly disable him from the date of the accident "and *result* in any of the following specific losses *within thirteen weeks,* the Association will pay * * *." (Emphasis ours.)

■ It is true, as said in one of the cases cited by defendant, Hudson v. Mutual Benefit Health & Accident Ass'n, Mo.App., 184 S.W.2d 188, that standard policies, generally, provide for the payment of a certain sum in the event of the death of the insured within a specified time (usually 90 days) after the occurrence of the accident. But, where the policy specifies no time within which the event must occur, no limitation can be read into it. This for the very good reason that courts are without authority to rewrite contracts of insurance.

■ However, if there is any uncertainty as to the meaning of this policy, it must be resolved in favor of plaintiff upon the well-recognized ground that it was the defendant who prepared it, and, if any doubt exists as to the meaning of the terms employed defendant is responsible for it, as the language was wholly its own. Soukup v. Employees' Liability Assurance Corp., 341 Mo. 614, 626, 108 S.W.2d 86, 91,

112 A.L.R. 149. We rule the point against defendant.

Defendant also says that the court erred in giving plaintiff's Instruction 1, and in refusing its Instruction (b). Instruction 1 did not require a finding that insured died within 90 days from the date of the accident; Instruction (b) did. What we have said above disposes of these complaints adversely to defendant.

■ Defendant next claims it was error to give plaintiff's Instruction 3. This instruction authorized the jury to allow plaintiff the sum of $866.66 in the event the issues were found in her favor. Just wherein and to what extent this amount is incorrect is not clearly pointed out to us, nor is it disclosed by the record. Plaintiff says the excess is $66.66, and this is not challenged by defendant. Under the circumstances, we can do no more than accept the above figure as being the correct amount of the excess.

■ Defendant likewise assigns error in the giving of Instruction 4, which authorized the jury to award damages for defendant's alleged vexatious refusal to pay. However, no harm was done to defendant, as the jury did not see fit to allow any such damages.

If plaintiff will within 15 days from the announcement of this opinion file a remittitur of $66.66, the judgment for the reduced amount of $800, with interest thereon at the rate of six per cent per annum from June 27, 1950, will be affirmed, otherwise the cause will be reversed and remanded. It is so ordered.

All concur.